UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

XAVIER L.,

              Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

              Defendant.

CASE NO. 2:21-cv-00059-RAJ

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

    Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's applications for supplemental security income ("SSI") and disability insurance benefits ("DIB"). This matter is fully briefed. *See* Dkts. 15-17.

    In this matter, the ALJ found persuasive an opinion from a consulting doctor who evaluated plaintiff and opined plaintiff's ability to perform work activities on a consistent basis without special or additional instructions was poor given his performance on the cognitive exam. *See* AR 17. However, despite finding this opinion persuasive, the ALJ

failed to include it specifically into plaintiff's RFC and failed to include it into the hypothetical presented to the vocational expert ("VE") at plaintiff's Administrative hearing. As the ALJ relied on testimony from the VE when concluding plaintiff could perform the job of skip tracer, and because the job of skip tracer potentially cannot be performed with someone requiring special or additional instructions to perform work tasks, the ALJ erred.

Because this error is not harmless, this matter must be reversed and remanded for further Administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On February 5, 2018 and April 11, 2018, plaintiff filed applications for DIB and SSI, respectively, alleging disability as of June 30, 2010, later amended to April 11, 2018. *See* Dkt. 13, Administrative Record ("AR"), p. 13. The applications were denied on initial administrative review and on reconsideration. *See* AR 13. A hearing was held before Administrative Law Judge Glenn G. Myers ("the ALJ") on June 16, 2020 (in addition to an earlier December 2019 hearing before ALJ Kimberly Boyce). *See* AR 13. In a decision dated June 26, 2020, the ALJ determined plaintiff to be not disabled. *See* AR 10-29. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* AR 1-6; 20 C.F.R. § 404.981, § 416.1481.

In plaintiff's Opening Brief, plaintiff maintains the ALJ erred by: (1) failing to identify jobs existing in significant numbers that plaintiff can perform; (2) failing to incorporate into plaintiff's residual functional capacity ("RFC") limitations from opinions

found persuasive; (3) rejecting opined limitations from plaintiff's treating physician, Dr. Lindsey Enoch, M.D.; and, (4) failing to provide clear and convincing reasons for rejecting plaintiff's testimony. "Open," Dkt. 15, pp. 1-2. Defendant disputes these contentions. "Response," Dkt. 15, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I. **Whether the ALJ erred when failing to incorporate into plaintiff's RFC limitations from opinions found persuasive and thereby failed to identify jobs existing in significant numbers that plaintiff could have performed**.

Plaintiff argues that despite finding persuasive the opinion from Dr. Alyssa Petrites, M.D., that plaintiff's ability to perform work activities on a consistent basis without special or additional instructions is poor based on plaintiff's performance on the cognitive exam, the ALJ nevertheless failed to include this limitation into plaintiff's RFC. Open, 3-5; *see also* AR 776. Plaintiff contends that the opinion is not consistent with the

ALJ's finding in the RFC plaintiff "is capable of engaging in mental activity equal to that required in the performance of jobs at the SVP 4 level." AR 18. Defendant contends that "the ALJ properly considered this opinion and found it generally persuasive and included limitations in the RFC relating to time off task and absence." Response, 11 (citing AR 17, 18-19).

As summarized by the ALJ, Dr. Petrites "performed a consultative psychiatric evaluation of [plaintiff] in July 2018 and opined that [plaintiff's] ability to perform simple and repetitive or detailed and complex tasks and his social abilities were fair, but his ability to perform work activities on a consistent basis without special or additional instructions and his ability to perform work duties at a sufficient pace were poor, given his performance on the cognitive exam." AR 17 (citing Exhibit 7F/5, *i.e.* AR 776). The ALJ indicated in the written decision that he found "this opinion persuasive and [] included time off task and absences in the following residual functional capacity." AR 17.

The ALJ did not explain how an individual who appears to need some level of special or additional instruction regarding work tasks obtains such during absences from work or time off task. *See id*. It is entirely unclear based on the written decision how obtaining some off-task time and absence from work alleviates a poor ability to work without special or additional instruction, and without such explanation, any implied finding as such is not based on substantial evidence. Instead, without substantiating evidence, it is speculation which is not "'relevant evidence [] a reasonable mind might

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

accept as adequate to support [the ALJ's] conclusion.'" *See Magallanes*, *supra,* 881 F.2d at 750 (quoting *Davis, supra*, 868 F.2d at 325-26).

Defendant implies the ALJ adequately accounted for the opinion from Dr. Petrites into the RFC, where the RFC indicates that plaintiff "is capable of engaging in mental activity equal to that required in the performance of jobs at the SVP 4 level." AR 18. At step 5, where the ALJ carries the burden to demonstrate a significant number of jobs existing that plaintiff can perform, the ALJ in the written decision relied on VE testimony when determining that plaintiff could perform the job of skip tracer, DOT 241.367-026. *See* AR 22; *see also* AR 109-13.

Plaintiff argues the skip tracer job "is clearly a position that requires independent investigative work that is not consistent with an employee with poor cognitive capacity requiring special instruction to perform job tasks," noting the skip tracer position is defined in the DOT as follows:

> Traces skips (debtors who change residence without notifying creditors to evade payment of bills) for creditors or other concerned parties: Searches city and telephone directories, and street listings, and inquires at post office. Interviews, telephones, or writes former neighbors, stores, friends, relatives, and former employers to elicit information pertaining to whereabouts of skips. Follows up each lead and prepares report of investigation to creditor. May trace individuals for purposes of serving legal papers. May contact debtors by mail or phone to attempt collection of money owed.

Open, 4 (citing Dictionary of Occupational Titles).

Plaintiff's argument is persuasive.

If an ALJ reaches the final step in the sequential analysis, the burden shifts to the Commissioner on the fifth and final step of the sequential disability evaluation process.

*Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999); *see also Bowen v. Yuckert*, 482 U.S. 137, 140, 146 n.5, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987); *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The ALJ's Step 5 finding, like all findings under review by this Court, must be supported by substantial evidence in the overall record to be affirmed. *See Bayliss*, *supra*, 427 F.3d at 1214 n.1 (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes v. Bowen,* 881 F.2d 747, 750 (9th Cir. 1989)).

Regarding inconsistencies at Step 5, the Social Security has a Ruling regarding such matters:

> [B]efore relying on VE or VS evidence to support a disability determination or decision, our adjudicators must:
> - Identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs or VSs and information in the Dictionary of Occupational Titles (DOT)… and [e]xplain in the determination or decision how any conflict that has been identified was resolved.

Social Security Ruling 00-4p, 2000 SSR LEXIS 8 at *1 (2000).

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 856 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 6

regulations." *Id.* (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45, 104 S. Ct. 2778, 81 L. Ed. 2d 694 (1984); *Paxton, supra*, 856 F.2d at 1356).

Here, requiring ALJs to resolve on the record inconsistencies in the final determinative step at which the Administration carries the burden as it relates to relevant VE testimony on which the ultimate determination largely relies, is not plainly erroneous or inconsistent with the Act or regulations. *See id.* At Step 5, as noted by the Ninth Circuit, there exist "two ways for the Commissioner to meet the burden of showing that there is other work in 'significant numbers' in the national economy that claimant can perform: (a) by the testimony of a vocational expert, or (b) by reference to the Medical-Vocational Guidelines ['the Guidelines']." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999) (citations omitted). The Guidelines did not entirely cover the situation herein, as determined by the ALJ, *see* AR 22, rendering the ALJ's reliance on the VE at Step 5 determinative. *See, Tackett, supra,* 180 F.3d at 1101.

Therefore, based on this record and for the reasons just elucidated, the Court concludes that any inconsistencies regarding relevant VE testimony at Step 5 as it pertains to plaintiff's ability to perform relevant jobs must be resolved by the ALJ, and any such resolution on the record must be supported by substantial evidence in the record as a whole. *See id.; Bayliss*, *supra*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601).

In this matter, as noted previously, *see supra*, at the final step, step 5, of the sequential Social Security Disability evaluation process, the ALJ found that plaintiff could perform the job of skip tracer, based on the testimony from the VE regarding an individual with plaintiff's age, education, past relevant work experience and RFC as

found by the ALJ for plaintiff in the written decision. *See* AR 22. However, the VE was not presented with the opinion from Dr. Petrites found persuasive by the ALJ regarding plaintiff's poor ability to perform work activities on a consistent basis without special or additional instructions given his performance on the cognitive exam. *See* AR 17 (citing Exhibit 7F/5, *i.e.* AR 776); *see also* AR 112.

Defendant's only argument on this matter is that "the ALJ properly considered this opinion and found it generally persuasive and included limitations in the RFC relating to time off task and absences." Response, 11 (citing AR 17, 18-19). By doing so, defendant implies that the opinion from Dr. Petrites found persuasive by the ALJ regarding plaintiff's poor ability to perform work activities on a consistent basis without special or additional instructions is accommodated in the RFC by allowing for more time off task and absences. *See id*. Without explaining how the need for special or additional instructions regarding work tasks is accommodated by having more time not focused on work, the ALJ's step 5 finding is not based on substantial evidence, but is based on an inconsistency that is not resolved explicitly in the written decision and apparent speculation. This is legal error. *See Bayliss*, *supra*, 427 F.3d at 1214 n.1 (citing *Tidwell*, 161 F.3d at 601); *see also* SSR 86-8, 1986 SSR LEXIS 15 at *22 ("presumptions, speculations and suppositions should not be substituted for evidence").

## II.     Harmless Error

The Ninth Circuit has "long recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006)). An

error is harmless if it is "'inconsequential to the ultimate non[-]disability determination.'" *Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

The Court already has concluded the ALJ's step 5 finding is not based on substantial evidence, as without explanation on how the need for special or additional instructions regarding work tasks is accommodated by having more time not focused on work the ALJ's finding that plaintiff can perform the job of skip tracer is not based on substantial evidence, *see supra,* Section I. This error is not harmless as this is the only job the ALJ found plaintiff capable of performing. AR 22-23. Without this identified job of skip tracer, the ALJ's finding that plaintiff is not disabled is not based on any job identified by the ALJ. Therefore, the error is not harmless as it is not inconsequential to the ultimate disability determination. *See Molina*, *supra,* 674 F.3d at 1117 (quoting *Carmickle.*, *supra*, 533 F.3d at 1162).

**III.   Whether the ALJ erred when evaluating plaintiff's credibility and the medical evidence provided by Dr. Lindsey Enoch MD.**

Plaintiff contends that the ALJ erred by failing to provide sufficient reasons for not incorporating fully plaintiff's subjective claims; however, the Court already has concluded that the ALJ committed harmful error and the medical evidence should be reviewed anew, *see supra*, Sections I and II. In addition, a determination of a claimant's credibility relies in part on the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c). Therefore, plaintiff's credibility should be assessed anew following remand of this matter.

Similarly, the medical evidence should be reviewed anew following remand of this matter, including Dr. Enoch's opinions and the ALJ's finding that plaintiff has only mild limitation in the third functional area containing "maintaining pace," where Dr. Petrites' persuasive opinion, as noted by the ALJ, indicated plaintiff's "ability to perform work duties at a sufficient pace [was] poor …" AR 17.

### IV. Whether this Court should reverse with a direction to award benefits or for further administrative proceedings

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). After concluding at step one that an ALJ has erred, (not harmless error), the Court next should "turn to the question whether further administrative proceedings would be useful." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (citations omitted). When looking at this issue, the Court should consider if the record is free from relevant conflicts. *See id*.

Plaintiff provides no argument on this point, instead contends passively that if "benefits are not paid outright this case should be remanded for a *de novo* hearing." Open, 9; *see also* Reply, Dkt. 17, p. 4 (same). Based on a review of the record, the Court

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

concludes that the record is not free from important and relevant conflicts, such as conflicts in the medical evidence. In addition, perhaps when the identified limitations incorrectly omitted from the RFC and the hypothetical to the VE are included, a vocational expert at a subsequent Administrative hearing may be able to identify jobs that plaintiff could perform. Therefore, this matter should be reversed for further administrative proceedings, including a *de novo* hearing, not with a direction to award benefits. *See id.*

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is reversed and this matter is remanded for further Administrative proceedings in accordance with the findings contained herein.

Dated this 23rd day of September, 2021.

The Honorable Richard A. Jones
United States District Judge